NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0438n.06

No. 07-4200

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 26, 2009
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,  )
                           )
    Plaintiff-Appellee,    )
                           )
v.                         )  ON APPEAL FROM THE UNITED
                           )  STATES DISTRICT COURT FOR THE
ROBERT D. HOLYCROSS,       )  SOUTHERN DISTRICT OF OHIO
                           )
    Defendant-Appellant.   )

Before: SUTTON and GRIFFIN, Circuit Judges; LIOI, District Judge.[*]

SUTTON, Circuit Judge. Robert Holycross appeals his conviction and sentence for being a felon in possession of a firearm. We affirm.

I.

In the early morning of August 26, 2005, police officers in an unmarked vehicle observed Holycross driving "at a high rate of speed" down Sullivant Avenue in Columbus, Ohio. JA 183. After Holycross "almost sideswip[ed]" the officers and veered left of center, one of the officers called the police dispatcher and asked for a marked vehicle to stop Holycross. *Id.* Responding to the dispatch a few minutes later, a pair of officers observed Holycross stop at an intersection. Pointing their car's headlights at the stopped car, the officers noticed Holycross look at the police car, "kind

_____

[*]Judge Sara Lioi, United States District Judge for the Northern District of Ohio, sitting by designation.

of g[e]t a little bit big eyed" and make a quick motion toward the floor behind the passenger seat. JA 133. The officers initiated a traffic stop, and as Holycross slowed the car, one of the officers saw him again lean toward the passenger side. Upon learning that Holycross did not have a driver's license, the officers arrested him. An inventory search of the vehicle revealed a handgun under the passenger seat.

A jury convicted Holycross of being a felon in possession of a firearm. *See* 18 U.S.C. 922(g)(1). At sentencing, the district court calculated an offense level of 33—the minimum required by the Armed Career Criminal Act , *see* U.S.S.G. § 4B1.4(b)(3)(B)—and a guidelines range of 210 to 262 months. The court imposed a below-guidelines sentence of 200 months in prison, and it denied Holycross's motion for a new trial.

## II.

Holycross first challenges his conviction, claiming that the government failed to prove possession of the weapon. *See* 18 U.S.C. 922(g). Sufficiency challenges receive deferential review. We must "view[] the evidence in the light most favorable to the prosecution" and will reverse only if no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Direct or circumstantial evidence may support a conviction, as may actual or constructive possession of the weapon. *United States v. Arnold*, 486 F.3d 177, 181, 183 (6th Cir. 2007). Although a defendant's proximity to a weapon does not by itself prove possession, *United States v.*

*Bailey*, 553 F.3d 940, 944 (6th Cir. 2009), proximity combined with "other incriminating evidence"—including an attempt to conceal the weapon or forensic evidence—may support a finding of possession. *Arnold*, 486 F.3d at 183; *see, e.g.*, *United States v. Newsom*, 452 F.3d 593, 609 (6th Cir. 2006) (noting that there was sufficient evidence of possession where, among other things, the defendant "appeared . . . as if he was maybe putting something under the seat" of the car); *United States v. Carter*, 355 F.3d 920, 925 (6th Cir. 2004) (noting that there was sufficient evidence of possession where, among other things, the defendant "reach[ed] under the seat while looking back over his shoulder at the detective when he approached the vehicle").

Ample evidence supported the conviction. The officers recovered a handgun from under the passenger seat of the car that Holycross was driving. Three officers—the two who responded to the police dispatch and one from the unmarked car that followed Holycross after contacting the dispatcher—observed Holycross make a motion toward the passenger side of his vehicle as he stopped at the intersection. One of the officers testified that he saw Holycross make another similar motion. And a forensic scientist testified that the DNA found on the gun matched Holycross's DNA and that the same DNA type occurs in one in over a quintillion (a billion billion) people.

*United States v. Beverly*, 750 F.2d 34 (6th Cir. 1984), does not support a different conclusion and indeed offers a poor analogy to this case. There, the defendant did not have exclusive control over the area where the gun was found and the police did not observe him attempting to conceal the firearm. *Id.* at 37. Having failed to raise any other serious contentions in support of his position, Holycross's sufficiency argument fails.

III.

Holycross hints that the district court improperly allowed the government to use hearsay testimony to establish a nexus between the gun and interstate commerce. Br. at 30, 48. But because he makes the argument in passing and without developing it, he has forfeited it. *See Leary v. Livingston County*, 528 F.3d 438, 449 (6th Cir. 2008).

IV.

Holycross argues that the errors of his trial counsel amounted to ineffective assistance and that the district court therefore erred in denying his motion for a new trial. Although we generally do not address ineffective-assistance claims on direct appeal, we may do so "[i]f the parties have adequately developed the record." *United States v. Foreman*, 323 F.3d 498, 502 (6th Cir. 2003) (internal quotation marks omitted). Because the district court conducted an evidentiary hearing on the issue, and because both parties ask us to consider the claim on direct appeal, *see Foreman*, 323 F.3d at 502, we will do so. The district court may grant a motion for a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). To succeed on a claim of ineffective assistance, a defendant must establish that his attorney's performance was "deficient"—that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"—and that the errors were prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Holycross principally argues that his attorney should have presented testimony from three witnesses: Holycross; his girlfriend, Debbie Muncie; and Muncie's cousin, Kristy Goad. According to Holycross, he would have testified that he was not aware of the gun, and Muncie and Goad would have testified that the gun belonged to Goad. But his attorney's testimony at the post-trial hearing makes it clear that he had a sound reason for declining to call Holycross, Muncie and Goad as witnesses. According to the attorney, the government had turned over a recording that could have compromised the testimony of each of the three individuals. The recording, made during Holycross's incarceration, memorialized a damaging conversation between Holycross and Muncie. As summarized by his attorney, the recording said:

> There were many spots on those tapes where Mr. Holycross and Ms. Muncy discussed trying to get Kristy to court to testify . . . that it was her gun. . . . [T]here could be an argument made that they were attempting to get her to come forward and tell the truth that it was her gun, and there were other constructions that I thought would make it clear that they were attempting to get her to falsely claim it was her gun.

JA 349. The district court found Holycross's attorney credible and found Goad, who also testified at the hearing, not credible. An attorney, quite understandably, may decline to call witnesses whose testimony might be severely impeached at trial.

Nor did the attorney provide ineffective assistance in declining to call Holycross as a witness. As Holycross acknowledges, his "prior [criminal] record was extensive and there would be a credibility issue when the jury heard about his prior[]" convictions. Br. at 33. Because we presume that an attorney's trial strategy decisions are "sound," *Strickland*, 466 U.S. at 689, and because

Holycross's concession confirms that presumption rather than rebutting it, this argument goes nowhere.

Holycross separately argues that his attorney should have presented an independent analysis of the DNA evidence at trial. But he offers no answer to the district court's findings that "the expert would corroborate the finding of [Holycross's] DNA on the firearm" and that his preferred expert "could not identify any other person's DNA on the weapon." JA 61.

Finally, Holycross argues that his attorney was ineffective because he failed to introduce documents—pawn shop receipts—indicating that Goad owned the gun. But this evidence does nothing to refute evidence of constructive possession offered by the government and thus cannot satisfy the requirement of prejudice. *See United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997). Holycross's ineffectiveness claim fails.

V.

Holycross also argues that his prior convictions for burglary and attempted burglary were not "violent felon[ies]" under the Armed Career Criminal Act. 18 U.S.C. § 924(e)(1); *see* U.S.S.G. § 4B1.4(b)(3)(B). A person convicted of being a felon in possession who has three prior convictions for "violent felon[ies]" is subject to a minimum sentence of 15 years, 18 U.S.C. § 924(e)(1), and an offense level of at least 33 (subject to an adjustment for acceptance of responsibility), U.S.S.G. § 4B1.4(b)(3)(B). A violent felony is any crime punishable by more than one year of imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person

of another" or "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. 924(e)(2)(B).

To qualify as a "burglary" under ACCA, a defendant's prior conviction must be for "generic burglary"—"an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). A state law extends beyond generic burglary if it "includ[es] places, such as automobiles and vending machines, other than buildings." *Id.* Ohio's burglary law extends beyond generic burglary because it covers thefts involving many other structures—including "watercraft, aircraft, railroad car[s], truck[s], trailer[s], [and] tent[s]," R.C. § 2909.01; *see* R.C. § 2911.12; *United States v. Lane*, 909 F.2d 895, 903 (6th Cir. 1990)—making the statutory offense not a "burglary" under ACCA.

That makes no difference here, however, because the convictions amount to crimes of violence under the residual "otherwise" clause. Attempted burglary and burglary under Ohio law, we have held, "involve[] conduct that presents a serious potential risk of physical injury to another" and thus are crimes of violence under ACCA. *Lane*, 909 F.2d at 903. Holycross half-heartedly asks us to look beyond the state law definition of the crime to "the actual facts of the offenses for which he was convicted to determine whether a crime of violence occurred," Br. at 47, but that goes against precedent, *see, e.g.*, *Taylor*, 495 U.S. at 600; *United States v. Ford*, 560 F.3d 420, 421–22 (6th Cir. 2009).

VI.

For these reasons, we affirm.