NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0493n.06

No. 08-5663

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
**Jul 15, 2009**
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| BRIAN LAFONTA SMITH, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: COLE and ROGERS, Circuit Judges; BARRETT, District Judge.[*]

BARRETT, District Judge. Defendant-Appellant Brian Smith ("Smith") appeals his conviction for possession with intent to distribute over five grams of cocaine base in violation of Title 21 U.S.C. § 841(a)(1) and being a felon in possession of a firearm in violation of Title 18 U.S.C. § 922(g). Smith argues that the district court erred by not granting his motion to suppress in that the affidavit used to secure the two search warrants did not establish probable cause. For the reasons that follow, we affirm.

I.

Officer Eric Uselton obtained search warrants for a business located at 34 Williams Circle and a residence located at 544 West Church Street. A single affidavit in support of the search

---

[*]The Honorable Michael R. Barrett, United States District Judge for the Southern District of Ohio, sitting by designation.

warrants was presented to the circuit court judge. Both locations were related to defendant Smith. The search warrants were executed and various drugs, including cocaine, and two handguns were seized from the residential property. It is these items that provided the basis for the indictment against Brian Smith.

Smith was indicted and subsequently filed a motion to suppress contending that the single affidavit in support of the search warrants was insufficient to give the officers probable cause to search the properties. A hearing was held wherein the government informed the district court that it would be partially joining Smith's motion to suppress as to the evidence seized from 34 Williams Circle. Due to this concession, the district court only considered the search on the residence located at 544 West Church Street.

At the hearing, the government presented the testimony of Officer Uselton. Officer Uselton testified that he had received information from a confidential informant that drug sales were occurring at 34 Williams Circle and 544 West Church Street in Alamo, Tennessee. Thereafter a controlled purchase was made at each location. There were two controlled purchases made at 34 Williams Circle, one five days prior to the swearing of the affidavit and one within 72 hours. However, the second purchase is not referenced in the affidavit. The controlled purchase at 544 West Church Street was within 72 hours and referenced in the affidavit.

According to the affidavit, Officer Uselton is a Special Agent of the 28th District of the West Tennessee Violent Crime and Drug Task Force unit. He has been employed with the Crockett County Sheriff's Department for 13 years. Prior to his current assignment he was the Narcotics Investigator and K-9 handler. The affidavit also sets forth the following: a confidential informant

made two controlled purchases, one at 34 Williams Circle and the other at 544 West Church Street; the vehicles used for the controlled purchases and the confidential informant were searched prior to the purchases to ensure that no illegal substances were present in the vehicle or on the confidential informant's person; the confidential informant was provided with money to buy the crack cocaine; the confidential informant was kept under constant visual surveillance during the entire time he was going to and from the properties, the confidential informant then returned to Officer Uselton where he turned over the drugs to Officer Uselton; the crack cocaine field-tested positive for cocaine; and the confidential informant told Officer Uselton that he had purchased crack cocaine from Brian Smith in the past on several occasions from both the residential and business locations. In addition, Officer Uselton testified that he was familiar with the confidential informant and had used him before.

Smith called his uncle Robert Cole to testify at the hearing. Mr. Cole testified that he worked part time at the business located at 34 Williams Circle detailing automobiles and that during the five day period before Smith's arrest he did not see anything or know what went on there.

At the conclusion of the hearing, the district court denied the defendant's motion to suppress stating the following:

> Defendant initially moved to suppress evidence obtained as a result of a search warrant on 544 West Church Street in Alamo and 34 Williams Circle in Alamo. The government indicates that they plan to use none of the evidence from 34 Williams Circle, so my ruling will address only the admissibility of evidence received from 544 West Church Street. Defendant moves to suppress that evidence on the basis that there was no probable cause for the issuing circuit judge to sign a search warrant. The defendant contends that the information contained in the affidavit presented to the circuit judge was insufficient to establish probable cause. ... Now, if the facts of this case were that we had a confidential informant that came to the officer and said, I

-3-

purchased crack cocaine at 544 West Church Street within the last three days, the officer then went to the magistrate with that information in the affidavit, that would clearly be insufficient to get a search warrant. But we have more than that in this case. We have the confidential informant who says that he purchased crack cocaine at 544 West Church Street; but, in addition to that, we have the observation of this confidential informant going to and from West Church Street. We have testimony that the confidential informant was searched before he went. He was searched after he returned. He was given money to buy the crack cocaine with. Those are all corroboration of the confidential informant's statement that he purchased crack cocaine. Under the authority of *Coffee* [*United States v. Coffee*, 434 F.3d 887 (6th Cir. 2006)], although the facts in *Coffee* were different, there was a different kind of and perhaps more corroboration than we have here, it's my conclusion that the search of the confidential informant, the observation of the confidential informant going to and from 544 West Church Street, the obtaining of crack cocaine from him after he returned, coupled with his statement that he purchased crack cocaine at 544 West Church Street, the court finds that that is sufficient corroboration and that the issuing magistrate judge had probable cause to issue the search warrant on 544 West Church Street. So the motion to suppress that evidence is denied.

(ROA, Tr. Vol. 2, 54-56).

After the district court denied his motion to suppress, Mr. Smith pled guilty, while expressly reserving his right to appeal the district court's denial of his Motion to Suppress. On May 23, 2008, the district court sentenced the defendant to 180 months incarceration as to Count One of the Indictment, and 120 months of incarceration on Count Two, to run concurrently. The district court also sentenced the defendant to four years supervised release on Count One to run concurrently to three years of supervised release on Count Two. This appeal followed.

II.

The standard of review on motions to suppress is to uphold the factual findings of the district court unless clearly erroneous and to review legal conclusions *de novo*. *United States v. McPhearson*, 469 F.3d 518, 523 (6th Cir. 2006) (citing *United States v. Weaver*, 99 F.3d 1372, 1376

(6th Cir. 1996)). "This court views the evidence 'in the light most likely to support the district court's decision.'" *Id.* (quoting *United States v. Williams*, 962 F.2d 1218, 1221 (6th Cir. 1992)).

Smith argues that the affidavit used to support the issuance of the search warrant at 544 West Church Street did not establish sufficient probable cause. Smith alleges that the affidavit failed to indicate any reason why the officers considered the confidential informant to be reliable and that the officers did not observe any drug transactions taking place inside of 544 West Church Street.

The Fourth Amendment guarantees that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. "Probable cause is defined as reasonable grounds for belief, supported by less than *prima facie* proof but more than mere suspicion, and is said to exist when there is a fair probability, given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Lattner*, 385 F.3d 947, 951-52 (6th Cir. 2004) (internal citations and quotations omitted). A line-by-line scrutiny is not appropriate. *United States v. Coffee*, 434 F.3d 887, 892 (6th Cir. 2006). Affidavits in support of search warrants:

> Must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.

*United States v. Ventresca*, 380 U.S. 102, 108, 85 S. Ct. 741 (1965); *Coffee*, 434 F.3d at 892.

Smith relies heavily on *United States v. Jackson*, 470 F.3d 299 (6th Cir. 2006) to support his argument that statements as to the reliability of the confidential informant need to be included in the

affidavit for probable cause to exist. Smith cites *Jackson* for the proposition that "[a]n affidavit is sufficient 'where a known person, named to the magistrate, to whose reliability an officer attests with some detail, states that he has seen a particular crime and particular evidence, in the recent past, [such that] a neutral and detached magistrate may believe that evidence of a crime will be found.'" *Id.* at 307 (quoting *United States v. Allen*, 211 F.3d 970, 976 (6th Cir. 2000) (en banc)).

However, the Court in *Jackson* ultimately held that an affidavit that "supplies little information concerning an informant's reliability may support a finding of probable cause, under the totality of the circumstance, if it includes sufficient corroborating information." *Id.* at 307. Furthermore, this court has held that "in the absence of any indicia of the informants' reliability, courts insist that the affidavit contain substantial independent police corroboration." *United States v. Frazier*, 423 F.3d 526, 532 (6th Cir. 2005). This corroboration can be established by a police-monitored controlled purchase. *Coffee*, 434 F.3d at 894 (affirming the district court's conclusion that even though there were no statements in the affidavit about the reliability of the confidential informant ("CI"), "[the officer's] statements that he set up the controlled buy and took necessary precautions before and after the orchestrated purchase adequately corroborated the CI's information and, thus, provided sufficient probable cause for the issuance of the search warrant"); *Jackson*, 470 F.3d at 308 (concluding that "corroboration of events that occurred during the controlled buy, as set forth in the affidavit, provide sufficient probable cause to sustain issuance of the search warrant"). Here, although the affidavit did not contain information as to the informant's reliability, it was based upon the officer's personal observations and control of the purchases that were conducted.

Smith also argues that because the informant could not be observed at all times, specifically inside the residence while actually making the purchase, that because he should have worn a wire, and that because he should have been subjected to a cavity search, probable cause cannot exist. The government opposes this argument because Officer Uselton testified that he had continuous visual observation of the confidential informant throughout the entire purchase at the residence. However, the affidavit states only that "[t]he confidential [informant] was kept under constant visual surveillance during the entire time this confidential [informant] was going to and from 544 West Church Street." This statement is vague as to whether there was visual surveillance during the actual purchase. Because "review of the sufficiency of the evidence supporting probable cause is limited to the information presented in the four corners of the affidavit," the Court will not consider this testimony. *Coffee*, 434 F.3d at 892.

However, even looking at just the four corners, the proper measures were taken in this case to ensure the reliability of the controlled purchases, including thoroughly searching the informant and the vehicle used before the purchase and maintaining a visual on the confidential informant going to and coming from the residence. Under the totality of the circumstances the affidavit properly set forth the existence of probable cause. *See United States v. Hawkins*, 278 F. App'x. 629 (6th Cir. 2008) (unpublished), *cert. denied,* 129 S. Ct. 588 (2008) (two controlled purchases were sufficient to corroborate the reliability of a confidential informant even though the informant did not wear a wire during the purchases and was not observed actually purchasing the cocaine); *United States v. Henry*, 299 F. App'x. 484 (6th Cir. 2008) (unpublished) (a single controlled purchase was sufficient independent corroboration of the confidential informant even without taking into

consideration the fact the CI wore a wire).  Thus, the circuit judge had probable cause to issue the

search warrants and the district court did not err by denying the motion to suppress.

III.

The judgment of the district court is affirmed.