**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 16a0140n.06

Case No. 15-3042

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Mar 14, 2016<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| CLYDE FOUNTAIN, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: SILER, COOK, and DONALD, Circuit Judges.

COOK, Circuit Judge. After coordinating two controlled buys, police executed a search warrant for Clyde Fountain's apartment, where they discovered drugs, ammunition, and a handgun. A jury convicted Fountain of being a felon in possession of a firearm and possession with intent to distribute crack cocaine. He now appeals the district court's denial of a *Franks* hearing to challenge the veracity of statements in the search-warrant affidavit and his sentencing enhancement under the Armed Career Criminal Act (ACCA). We AFFIRM Fountain's conviction, VACATE his sentence, and REMAND for resentencing.

I.

Prompted by a tip from a confidential informant, the Cleveland Police Department arranged two controlled buys of drugs from Fountain's apartment. Each time, police met the

informant at a predetermined location, searched him for money and drugs, and fitted him with an audio transmitter. Police observed the informant enter the building, heard conversation suggesting a drug deal was taking place, and saw him return with a substance resembling crack cocaine. The informant told police that he purchased the drugs from inside Fountain's apartment and identified Fountain from a photograph. Detective Ricardo Ruffin—an officer who observed the controlled buys—swore to these facts before obtaining a warrant to search the apartment. With the warrant in hand, police went to the residence, saw Fountain and another man exit the building, and detained them. Using keys discovered in Fountain's pants pocket, the officers entered the apartment and found a handgun, ammunition, and crack cocaine.

Before trial, Fountain moved to suppress the evidence discovered at his apartment and for a *Franks* hearing to challenge Ruffin's search-warrant affidavit. The district court denied suppression without a hearing. Following a two-day trial, a jury convicted Fountain on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e), and one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

The presentence report listed four ACCA predicates, and Fountain objected to two: a 1972 conviction for breaking and entering and a 1981 conviction for aggravated burglary. The district court agreed that the breaking-and-entering charge could not serve as a predicate offense. But it disagreed about the aggravated-burglary conviction, counting it as a violent felony under the ACCA's residual clause. Using these three qualifying convictions, the court imposed an enhanced sentence of 211 months' imprisonment. Fountain now appeals the denial of a *Franks* hearing and his qualification for sentencing as an armed career criminal.

II.

## A. Denial of a *Franks* Hearing

Fountain alleges that Detective Ruffin both included misleading statements and omitted material information from the search-warrant affidavit. Specifically, he claims that Ruffin's statement that the police conducted "controlled buys" from "the premises" conveys the misleading impression that officers observed the informant enter Fountain's apartment (Apartment 2) as opposed to the two-and-a-half story residence encompassing the apartment. This misrepresentation, he presses, merits suppression.

Fountain concedes, however, that he neglected to raise this argument below, and thus only a showing of plain error warrants relief. *United States v. Lopez-Medina*, 461 F.3d 724, 739 (6th Cir. 2006) (applying plain-error review to "new suppression arguments raised for the first time on appeal after a defendant's original suppression arguments proved unsuccessful at the trial court level" (citing *United States v. Critton*, 43 F.3d 1089, 1094 (6th Cir. 1995))). Fountain cannot show error, let alone plain error, in the denial of a *Franks* hearing.

An affidavit supporting a search warrant is presumed valid. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). But a defendant is entitled to a *Franks* hearing to attack its veracity if he makes a "substantial preliminary showing" that (1) the affiant knowingly or recklessly included a false statement in—or omitted material information from—the affidavit, and (2) the allegedly false statement or material omission "is necessary to the probable cause finding." *United States v. Rose*, 714 F.3d 362, 370 (6th Cir. 2013) (citing *Franks*, 438 U.S. at 171–72). The defendant has a "heavy burden," as he must "point to specific false statements that he claims were made intentionally or with reckless disregard for the truth" and "accompany his allegations with an offer of proof." *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990) (citing

*Franks*, 438 U.S. at 171). If the defendant succeeds in making this preliminary showing and a *Franks* hearing reveals a material falsehood or omission, evidence obtained as a result of the search warrant must be suppressed. *Franks*, 438 U.S. at 156.

### 1. Misleading Statements

Though Fountain admits none of the statements in the affidavit are *false*, he claims the statement that police made two "controlled buys" from "the premises" is *misleading*. He argues that controlled buys require continuous police observation, and that—because it was impossible for the police to observe the informant enter Fountain's specific apartment—the affidavit misleadingly implies that Ruffin saw the informant enter Apartment 2 to purchase crack cocaine.

Fountain cites no authority, however, suggesting that a controlled buy necessarily entails continuous visual observation by police. Though he attempts to marshal support from *United States v. Smith*, 337 F. App'x 500 (6th Cir. 2009), that case articulates no such requirement. *See id.* at 504 (affirming the denial of the suppression motion when the police "maintain[ed] a visual on the confidential informant going to and coming from the residence" even though they could not see the actual purchase). In fact, police here exercised more "control" over the buys than in *Smith* by equipping the informant with an audio transmitter. *See id.* Fountain therefore fails to show that Ruffin knowingly or recklessly mischaracterized these operations as controlled buys.

Fountain also points out that the description of "the premises" in the affidavit's preamble includes his apartment's street address, whereas the street address is missing from the sworn facts section's description of "the premises." He argues that this variation blurs the point as to whether Detective Ruffin could actually see the informant buy drugs from Apartment 2. Because we read both descriptions as fairly referring to Apartment 2, we cannot say the variance in descriptions in any way misleads. *See United States v. Ventresca*, 380 U.S. 102, 108 (1965)

(holding that affidavits for search warrants must be interpreted in a "commonsense and realistic fashion" because they "are normally drafted by nonlawyers in the midst and haste of a criminal investigation").

### 2.  *Omission of Material Fact*

Fountain's claim that the affidavit omitted a material fact also fails.  He maintains that Ruffin knowingly or recklessly failed to disclose his inability to observe the informant enter Apartment 2.  "This court has repeatedly held that there is a higher bar for obtaining a *Franks* hearing on the basis of an allegedly material omission as opposed to an allegedly false affirmative statement."  *United States v. Fowler*, 535 F.3d 408, 415 (6th Cir. 2008) (citing *United States v. Graham*, 275 F.3d 490, 506 (6th Cir. 2001); *United States v. Sawyers*, 127 F. App'x 174, 183 (6th Cir. 2005)).  Courts deny a hearing "except in the *very* rare case where the defendant makes a strong preliminary showing that the affiant *with an intention to mislead* excluded critical information from the affidavit."  *Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998).  After reading the affidavit in a commonsense fashion, we discern no intention to mislead.

In any event, an alleged omission must be crucial to the probable-cause finding.  *See id.* That is, in order to show that the district court erred in denying a *Franks* hearing, Fountain must demonstrate that the information about Ruffin's inability to observe the actual interchange occurring in the apartment was crucial enough to the decision to issue the warrant that, without it, no probable cause existed.  *See Fowler*, 535 F.3d at 415–16.

Here, contrary to Fountain's contention, visual observation of the controlled buys from Apartment 2 was unnecessary to establish probable cause to search the apartment.  *See, e.g.*, *United States v. Francis*, 367 F.3d 805, 827 (8th Cir. 2004) ("Although Catalano misstated that

officers saw Harris enter and exit Apartment E, when in fact, he only saw Harris enter the building located at 7228 Burrwood Court, we find that the other evidence in the search warrant affidavit sufficiently linked Davis to Apartment E . . . ."), *vacated on other grounds*, 543 U.S. 1098 (2005), *reinstated in relevant part*, 141 F. App'x 501 (8th Cir. 2005); *United States v. Khounsavanh*, 113 F.3d 279, 286 (1st Cir. 1997) (finding probable cause even when the controlled buy "was less than ideal: the detective was able to watch the informant enter and leave the building through its front door, but did not follow the informant into the building and thus was unable to verify with certainty which apartment was the source of the drugs"); *United States v. Richardson*, 861 F.2d 291, 294 (D.C. Cir. 1988) (per curiam) ("It is not necessarily crucial to a finding of probable cause that a police officer observe an informant enter the specific apartment where a controlled buy is being conducted.").

Indeed, additional averments in the affidavit linked Apartment 2 to drug activity. The informant told officers that—during the two controlled buys—he bought crack cocaine inside the apartment from a male he later identified by photograph as Fountain. *See United States v. May*, 399 F.3d 817, 824 (6th Cir. 2005) ("The additional evidence substantiating an informant's reliability need not be obtained from a source unrelated to the confidential informant . . . ." (citation omitted)). The affidavit also stated that Fountain resides at the apartment and that Ruffin saw Fountain leaving the residence several times in a car registered to his name. Moreover, officers employed measures adding to the controlled buys' reliability, namely, searching the informant before the purchase, equipping him with an audio transmitter, and meeting him immediately after the purchase to collect the contraband. In the end, even if the affidavit had included the fact that Ruffin was unable to observe the informant enter Apartment 2 to buy drugs, the strength of the probable-cause foundation would be undiminished.

Accordingly, the district court committed no error—plain or otherwise—by denying a *Franks* hearing and refusing to suppress the evidence discovered at Fountain's apartment.

## B. Application of the Armed Career Criminal Act

Fountain also challenges his sentence as an armed career criminal, arguing that his Ohio aggravated-burglary conviction does not qualify as an ACCA predicate.

The ACCA enhances the sentence of a defendant convicted under 18 U.S.C. § 922(g) whose criminal record includes three prior violent-felony convictions. 18 U.S.C. § 924(e)(1). At the time of Fountain's sentencing, "violent felony" meant a crime that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the use-of-force clause); (2) "is burglary, arson, or extortion [or] involves use of explosives" (the enumerated-offense clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). 18 U.S.C. § 924(e)(2)(B).

The district court first determined whether the aggravated-burglary conviction qualified as an enumerated offense using a "categorical approach" by comparing "the elements of the statute forming the basis of [Fountain's] conviction with the elements of the 'generic' crime." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). In doing so, the court correctly labeled Ohio's aggravated-burglary statute non-generic, i.e., broader than generic burglary.[1] Because Ohio's statute is "divisible"—in that it sets out one or more elements in the

---

[1] Ohio's aggravated-burglary statute is broader than generic burglary in that it punishes unlawful entry into watercrafts, aircrafts, railroad cars, trucks, and other vehicles—not just buildings or other structures. Ohio. Rev. Code Ann. § 2911.11(A) (Anderson 1974); Ohio. Rev. Code Ann. § 2909.01 (Anderson 1974); *United States v. Coleman*, 655 F.3d 480, 482 (6th Cir. 2011) (citing *United States v. Holycross*, 333 F. App'x 81, 85 (6th Cir. 2009); *United States v. Lane*, 909 F.2d 895, 902 (6th Cir. 1990)); *see also Taylor v. United States*, 495 U.S. 575, 599 (1990) ("A few States' burglary statutes, however, . . . define burglary more broadly [than generic burglary], *e.g.*, . . . by including places, such as automobiles and vending machines, other than buildings.").

alternative—the court could have then employed a "modified categorical approach" by examining a limited class of court documents (known as *Shepard* documents) to determine which alternative necessarily formed the basis of Fountain's prior conviction. *Id.* Instead, the court classified Fountain's aggravated burglary as a violent felony under the residual clause. Since then, however, the Supreme Court invalidated that clause as unconstitutionally vague. *See Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015).

Because both parties reasonably assumed the residual clause's continued validity, their presentation to the district court bypassed submitting relevant *Shepard* documents supporting the modified categorical approach. Thus, given the intervening change in the law, we remand for resentencing in light of *Johnson* to allow inquiry into whether Fountain's previous aggravated-burglary conviction qualifies as an enumerated offense. *See United States v. France*, 394 F. App'x 246, 251–52 (6th Cir. 2010) (remanding for the district court to reach the *Shepard* inquiry where it had no occasion to address the issue).

III.

Accordingly, we AFFIRM Fountain's conviction, VACATE his sentence, and REMAND for resentencing consistent with this opinion.